IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM B. TURNER,

                                                    ORDER

                Plaintiff,

                                                  13-cv-696-bbc

     v.

JOHN ALBERT, Dane County Circuit Court Judge
and CARLO ESQUEDA, Dane County Circuit Court Clerk,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff William Turner has filed a proposed civil complaint alleging that he was denied due process in an eviction proceeding in the Circuit Court for Dane County. In addition, he has filed a motion for temporary restraining order enjoining the state court from issuing an eviction order. Because plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, I am required to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.

      Plaintiff names as defendants the state court judge who presided over the eviction proceedings as well as the clerk of court, and argues that the proceedings were unfairly "compressed," not giving him enough time or opportunity to present evidence in support of his case. I understand plaintiff to be bringing claims for injunctive and declaratory relief. If so, his claims are not necessarily barred by judicial immunity. Pulliam v. Allen, 466 U.S.

522, 541-42 (1984).  However, they may be barred by the Rooker-Feldman doctrine, which "essentially precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims that are 'inextricably intertwined' with state court determinations."  Remer v. Burlington Area School District, 205 F.3d 990, 996 (7th Cir. 2000) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983)).  The doctrine "is based upon recognition of the fact that inferior federal courts generally do not have the power to exercise appellate review over state court decisions."  Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir. 1996).

I cannot say with certainty that plaintiff's claims are barred by the Rooker-Feldman doctrine because the doctrine generally requires a final judgment.  TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 591 (7th Cir. 2005).  Looking at the electronic court record of the eviction proceedings available at http://wcca.wicourts.gov, I can see that on October 3, 2013 the court made an oral ruling stating, "Plntf prevails, defn to find new place in 2 weeks, if defn has not moved, plntf can come to Court for writ."  By this I understand the state court to be stating that the plaintiff in the eviction case is entitled to possession of the property in question, and that if the defendant in the eviction case (the plaintiff in this case) refuses to leave, the court will issue a "writ of restitution" under Wis. Stat. § 799.44.  I cannot tell from the online docket whether a final judgment has been issued in the case in conjunction with the October 3 oral ruling.

Even if the Rooker-Feldman doctrine does not apply here because the litigation has

not concluded, this court must abstain from considering plaintiff's claims pursuant to Younger v. Harris, 401 U.S. 37 (1971). Younger abstention is based on principles of equity and comity and is "designed to permit state courts to try state cases free from interference by the federal courts." FreeEats.com, Inc. v. Indiana, 502 F.3d 590, 595 (7th Cir. 2007) (citations and internal quotation marks omitted), and "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." Forty OneNews, Inc. v. County of Lake, 491 F.3d 662, 665 (7th Cir. 2007).

ORDER

IT IS ORDERED that this case is DISMISSED and plaintiff's motion for a temporary restraining order, dkt. #2, is DENIED as moot. The clerk of court is directed to enter judgment accordingly.

Entered this 17th day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3